# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW P. SHOLTES, <br><br> Petitioner, <br><br> v. <br><br> RICHARD V. SPENCER, Secretary of the Navy, <br><br> Respondent. | Case No.: 18cv1330-MMA (BLM) <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> [Doc. No. 1] |

Petitioner Andrew P. Sholtes has filed a petition for writ of habeas corpus pursuant to Title 28, United States Code, section 2241, challenging the conviction and sentence imposed by the United States Navy as the result of a contested general court-martial proceeding. For the reasons set forth below, the Court summarily **DISMISSES** the petition.[1]

## DISCUSSION

Petitioner was convicted of four counts of indecent liberty with a child and three counts of conduct unbecoming an officer and a gentleman, in violation of Articles 120,

---

[1] A court may summarily dismiss a petition when "it appears from the application that the applicant or person detained is not entitled" to habeas relief. 28 U.S.C. § 2243.

1

133, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920, 933, and 934. *See United States v. Sholtes*, No. 201500230, 2017 CCA LEXIS 223, at *1 (N-M Ct. Crim. App. Jan. 18, 2017). Petitioner was sentenced to dismissal and a term of forty-four months' confinement. *Id.*

Petitioner is currently confined at the Naval Consolidated Brig at Marine Corps Air Station ("MCAS") Miramar, San Diego, California.[2] Petitioner has instituted the current proceeding challenging his conviction and sentence, alleging error on two grounds: (1) the military trial judge erred in excluding evidence at trial of the victim's sexual history and disposition under Military Rule of Evidence 412; and (2) the military trial judge erred in excluding evidence at trial of the victim's prior illicit drug use. *See* Doc. No. 1.

"[M]ilitary prisoners seeking to collaterally attack their convictions may do so" by filing a petition for writ of habeas corpus pursuant to Section 2241. *Ehlers v. United States*, No. 11cv882 BTM (POR), 2011 U.S. Dist. LEXIS 115428, at *3-4 (S.D. Cal. Oct. 6, 2011) (citing *Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011) ("[R]esort to § 2241 is the norm rather than the exception when a military prisoner seeks to challenge the results of his [court-martial]."); *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) (same). However, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4, 28 U.S.C. foll. § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

Here, the petition is subject to summary dismissal. First, Petitioner has sued the United States Navy. However, the proper respondent to a petition brought under Section 2241 is the person who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242 and 2243). This is generally the warden of the facility where the prisoner is being held – in this case, the commanding officer of the Brig at MCAS Miramar. *Id.* at 435, 436 (citing *Monk v. Secretary of the Navy*, 793 F.2d

---

[2] The Court has jurisdiction over this proceeding, as "[w]rits of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a).

2

364, 369 (D.C. Cir. 1986) (holding that the proper respondent in a habeas action brought by a military prisoner is the commandant of the military detention facility, not the Secretary of the Navy).

While the Court would ordinarily permit amendment or substitution of the proper respondent, the petition is plainly subject to dismissal on substantive grounds as well. Although the Court generally has jurisdiction to review a petition challenging a military conviction, the scope of review of is very narrow. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). As relevant here, the Court's review is limited to only those claims raised in the military courts, but not given "full and fair consideration" by those courts. *Id*. at 142; *see also Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972) (holding that "habeas corpus proceedings involving military convictions are limited to determining whether the court-martial had jurisdiction of the person accused and the offense charged and whether it acted within its lawful powers."); *Davis v. Marsh*, 876 F.2d 1446, 1449 (9th Cir. 1989) ("Military prisoners must exhaust military remedies before seeking relief in federal court.").

On direct appeal to the United States Navy-Marine Corps Court of Criminal Appeals, Petitioner raised "two original assignments of error (AOEs), . . . the military judge abused her discretion by failing to admit evidence of the victim's prior sexual history and drug use." *Sholtes*, *supra*, 2017 CCA LEXIS 223, at *1. Petitioner concedes in his petition that he raised his claims in the military courts, and a review of the record demonstrates that the appellate court considered Petitioner's claims, applied the correct legal standard, and concluded "the findings and the sentence are correct in law and fact" and "no error materially prejudicial to the substantial rights of the appellant occurred." *Id*. On collateral review, this Court "may not retry the facts or reevaluate the evidence." *Calley v. Callaway*, 519 F.2d 184, 203 (5th Cir. 1975); *see Broussard v. Patton*, 466 F.2d 816, 818 (9th Cir. 1972) (holding that a district court properly denies habeas relief when the United States Court of Military Appeals has fully and fairly considered the petitioner's claims); *see also Sunday v. Madigan*, 301 F.2d 871, 873 (9th Cir. 1962)

("[O]nce it has been concluded by the civil courts that the military had jurisdiction and dealt fully and fairly with all such claims, it is not open to such courts to grant the writ simply to re-evaluate the evidence."). As such, Sholtes is not entitled to habeas relief.

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Sholtes' petition for writ of habeas corpus. The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: June 29, 2018

*[signature]*
HON. MICHAEL M. ANELLO
United States District Judge